IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD SHEVTSOV,<br><br>　　　　Debtor/defendant.<br><br>WELLS FARGO BANK, N.A,<br><br>　　　　Garnishee. | Case No. 2:22-MC-00183-WBS-KJN<br><br>(Criminal case No. 2:11-CR-00210-DAD)<br><br>**FINDINGS AND RECOMMENDATIONS FOR FINAL ORDER OF CONTINUING GARNISHMENT** |

　　　　Before the court is the government's request for issuance of a final order of garnishment against certain property of defendant Edward Shevtsov, under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205(c)(7).  (ECF No. 11.)  The government seeks to garnish defendant's non-exempt property and accounts maintained by Wells Fargo Bank, N.A. ("garnishee") in an effort to collect on the approximately $174,116.73 defendant owes under the judgment in criminal case no. 2:11-CR-00210-DAD.[1]  (ECF No. 11 at 1.)   As explained below, the undersigned recommends granting the request.

---

[1] The criminal case related to this matter is 2:11-CR-00210-DAD, and not 2:21-CR-00210-KJM, as cited

I.      Background

On October 20, 2015, defendant was sentenced in criminal case number 2:11-CR-00210-DAD and ordered to pay statutory assessment of $1,400 and a fine of $175,000.  See 2:11-CR-00210-DAD-5. On June 6, 2022, the government filed an application for a writ of garnishment against any property in the garnishee's possession in which the defendant has an interest.  (ECF No. 1.)  The Clerk of Court issued the writ of garnishment on June 7, 2022.  (ECF No. 2.)  The government served the writ and its attachments on garnishee (ECF No. 3) and served defendant with copies.  (ECF No. 6.)  The documents served on defendant advised him, among other things, of his rights to claim exemptions to garnishment and request a hearing on such claims, request a hearing to quash the writ, and/or object to the garnishee's answer and request a hearing thereon.  (Id.)

On June 22, 2022, and June 24, 2022, the garnishee served its acknowledgment of service and answer of garnishee on defendant and the government.  (ECF No. 8-10.)   In its answer, garnishee provided it has possession of a checking account in which debtor has an interest.  (ECF No. 10.)  The approximate value of the property was $1,332.27.  (Id. at 2.)  Garnishee served its answer on defendant and the government. (Id. at 3.)  Defendant filed no objections, nor did he file a claim of exemption or request for hearing.

II.     Legal Standard

The FDCPA "sets forth the 'exclusive civil procedures for the United States ... to recover a judgment on ... an amount that is owing to the United States.'"  United States v. Mays, 430 F.3d 963, 965 (9th Cir. 2005) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B) (alterations in original)).  The FDCPA provides that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).  Additionally, "the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement ... of the claim for such debt."  28 U.S.C.

---

in the government's request for findings and recommendations.  (See ECF No. 11.)

2

§ 3011(a).  Pursuant to the FDCPA, "[a]fter the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property."  28 U.S.C. § 3205(c)(7).

III.     Discussion

The government seeks a final order of garnishment directing the garnishee to liquidate and pay to the Clerk of Court all funds held by garnishee in which defendant has an interest.  (ECF No. 11.)  The government proffers that as of June 6, 2022, defendant still owed $174,116.73 to satisfy the judgment amount in criminal case no. 2:11-CR-00210-DAD, with such amount not accruing interest.  (ECF No. 11 at 1.)

The government also seeks to recover the ten percent (10%) litigation surcharge of the judgment amount balance as authorized by 28 U.S.C. § 3011(a).  (ECF No. 11 at 3, ¶ 10.B.)  The FDCPA provides that the United States is entitled to recover a litigation surcharge in connection with the recovery of a debt.  28 U.S.C. § 3011(a).  A defendant's criminal monetary penalties, including the assessment, fine, and restitution, all constitute "debt" as defined by the FDCPA.  28 U.S.C. § 3002(3)(B).  The debt recovery action must be one that arises under the FDCPA's pre-judgment remedies or post-judgment remedies.  28 U.S.C. § 3011(a); <u>United States v. Sackett</u>, 114 F.3d 1050, 1053 (10th Cir. 1997).  The government's garnishment action here is a qualifying post-judgment remedy under 28 U.S.C. § 3205.  Subject to exclusions not applicable here, section 3011 provides that the recoverable surcharge amount is 10% of the debt.  28 U.S.C. § 3011(a).  The sum requested by the government, $17,411.67, represents 10% of the $174,116.73 that was owed as of June 6, 2022, as set forth in the United States' initial application for writ of continuing garnishment.  (<u>See</u> ECF No. 1 at 2.)

The documents served on June 14, 2022, advised defendant of his rights to claim exemptions to garnishment, to object to the garnishee's acknowledgement of service and the garnishee's answer, and to request a hearing.  (ECF No. 6.)  Specifically, defendant was advised that he had twenty (20) days from the date he received the garnishee's answer to claim exemptions or request a hearing in opposition as required by 28 U.S.C. § 3202(d).  (ECF No. 6-4 at 3.)  That deadline has now passed, and defendant has not filed any opposition to this garnishment proceeding, has not claimed exemptions, has not objected to the answer, and has not requested a hearing.

Accordingly, the undersigned recommends that the government's application for a final garnishment order be granted in its entirety.

## FINDINGS AND RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The United States' Request for Findings and Recommendations for Final Order of Continuing Garnishment, ECF No. 11, be GRANTED in its entirety;

2. Wells Fargo Bank, N.A. be directed to pay the Clerk of the United States District Court all of the funds in the accounts held by Garnishee in which Debtor has an interest within fifteen (15) days of the filing of the Final Order. Payment shall be made in the form of a check, money order, or company draft, made payable to the "Clerk of the Court" and delivered to:

   > Office of the Clerk
   > 501 I St., Rm. 4-200
   > Sacramento, CA 95814

   The criminal docket number (2:11-CR-00210-DAD) shall be stated on the payment instrument;

3. The United States be entitled to recover a $17,411.67 litigation surcharge after satisfaction of the judgment amount owed by Edward Shevtsov. Garnishee shall pay the litigation surcharge to the United States Department of Justice, who will provide payment instructions to the garnishee concurrently with service of the final order;

4. The court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

5. The garnishment shall terminate when the payment is deposited with the Clerk of the Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days, after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  November 7, 2023

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

shev.00183